IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-04-CR-0193-M |
| | § | NO. 3-07-CV-0905-M |
| RAYAH MARKEITH WILLIAMS | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Rayah Markeith Williams, a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be denied.

I.

Defendant was charged in a two-count indictment with bank robbery in violation of 18 U.S.C. § 2113(a) & (d) and using, carrying, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). After defendant pled guilty to bank robbery, a jury convicted him on the gun charge. The district court assessed punishment at 228 months confinement followed by supervised release for a period of five years. On direct appeal, the Fifth Circuit affirmed defendant's gun conviction. *United States v. Williams*, 167 Fed.Appx. 988, 2006 WL 391913 (5th Cir. Feb. 21, 2006).[1] Defendant now challenges that conviction in a motion for post-conviction relief under 28 U.S.C. § 2255.

---

[1] Defendant did not appeal his bank robbery conviction.

-1-

II.

In four grounds for relief, defendant contends that: (1) the evidence was insufficient to prove possession of an actual firearm; (2) the district court improperly enhanced his sentence based on prior state misdemeanor drug convictions; (3) his conviction was the result of evidence obtained in violation of his Fifth Amendment rights; and (4) he received ineffective assistance of counsel.

A.

The court summarily rejects defendant's challenge to the sufficiency of the evidence. Claims raised and resolved in a prior appeal may not be revisited on collateral review. *See United States v. Kalish*, 780 F.2d 506, 508 (5th Cir.), *cert. denied*, 106 S.Ct. 1977 (1986); *United States v. Jones*, 614 F.2d 80, 82 (5th Cir.), *cert. denied*, 100 S.Ct. 2174 (1980). On direct appeal, the Fifth Circuit held that the evidence was sufficient to prove all the essential elements of the gun charge as alleged in the indictment. *Williams*, 2006 WL 391913 at *1. Consequently, defendant is precluded from relitigating this claim in a section 2255 motion. *Ceballos Torres v. United States*, 83 Fed.Appx. 609, 2003 WL 22965244 at *1 (5th Cir. Dec. 10, 2003) (holding that defendant may not challenge sufficiency of the evidence to support a gun conviction because claim was raised and rejected on direct appeal).

B.

Next, defendant complains that the district court improperly enhanced his sentence based on prior state misdemeanor drug convictions.[2] This claim fails for two reasons. First, a misapplication

---

[2] Defendant believes that he was sentenced as a "career offender" under U.S.S.G. § 4B1.1(c). Such is not the case. At sentencing, the judge rejected the government's request to sentence defendant as a career offender, stating that "application of the career criminal enhancement in this case on top of your criminal history category of 6 overstates the significance of your criminal history in terms of the totality of your sentence." (Sent. Tr. at 32).

of the sentencing guidelines, including the use of prior convictions for enhancement purposes, does not fall within the narrow category of claims subject to review under 28 U.S.C. § 2255. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999); *United States v. Sanchez-Polanco*, No. C-06-375, 2007 WL 80011 at *5 (S.D. Tex. Jan. 8, 2007) (defendant may not challenge scoring of prior criminal offense for enhancement purposes in section 2255 motion). Second, to the extent defendant attempts to litigate this claim under the guise of a double jeopardy violation, it is well-settled that a sentence enhancement is not additional punishment for past offenses. Instead, it "reflect[s] the seriousness of [defendant's] most recent offense, not as it stands alone, but in the light of his prior offenses." *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.), *cert. denied*, 113 S.Ct. 146 (1992). *See also Witte v. United States*, 515 U.S. 389, 400, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995) ("In repeatedly upholding such recidivism statutes, we have rejected double jeopardy challenges because the enhanced punishment imposed for the later offense ... [is] a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.") (internal citation and quotation omitted). This ground for relief should be overruled.

C.

Nor can defendant challenge his conviction on Fifth Amendment grounds. Where, as here, a defendant fails to raise an issue on direct appeal, that issue is procedurally barred in a section 2255 proceeding unless the defendant can demonstrate "cause" for his procedural default and "actual prejudice" resulting from the error. *United States v. Frady*, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982). A defendant must satisfy the "cause" and "prejudice" test even if he alleges fundamental constitutional error. *Murray v. Carrier*, 477 U.S. 478, 493-95, 106 S.Ct. 2639, 2648-49, 91 L.Ed.2d 397 (1986). The only recognized exception to this rule is in "extraordinary

cases" where "a constitutional violation has probably resulted in the conviction of one who is actually innocent[.]" *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991), *cert. denied*, 112 S.Ct. 978 (1992), *quoting Murray*, 106 S.Ct. at 2649.

Defendant alleges that the government violated his privilege against self-incrimination by allowing a Kyge Edmonds, a Dallas police detective, to testify that he signed a written confession admitting to the elements of the offense when Carolyn Smith, who witnessed the confession, testified at trial that defendant may have said something about a "toy gun." However, defendant fails to establish "cause" for not raising this claim on direct appeal or "actual prejudice" resulting from the admission of this testimony. Significantly, defendant does not contend that his confession was involuntary. Instead, he appears to challenge Edmonds's testimony that he did not hear anything about a "toy gun." Although this testimony may have conflicted with Smith's recollection of the remark made by defendant at the time he gave his confession, it hardly "worked to [defendant's] actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Frady*, 102 S.Ct. at 1596. This ground for relief is barred from collateral review.

### D.

Finally, defendant contends that he received ineffective assistance of counsel because his attorney failed to object that the indictment did not specify the type of firearm used in the commission of the offense. Count Two of the indictment charges:

> On or about May 12, 2004, in the Dallas Division of the Northern District of Texas, defendant, Rayah Markeith Williams, during and in relation to a crime of violence, namely bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), as alleged in Count One of this indictment, for which he may be prosecuted in a court of the United States, did knowingly use, carry, brandish, and possess in furtherance of bank robbery, a firearm, to wit: a handgun.

This language tracks the elements of the statute. *See* 18 U.S.C. § 924(c)(1)(A).[3] Contrary to defendant's argument, the indictment specifies that the type of firearm used in the bank robbery was a "handgun." By statute, a "handgun" is defined as "a firearm which has a short stock and is designed to be held and fired by the use of a single hand." *Id.* § 921(a)(29)(A). The court is unaware of any authority which requires the indictment to specifically allege the make and model of the handgun used in the commission of the offense. Under these circumstances, it would have been futile for defense counsel to object to the sufficiency of the indictment. *See Clark v. Collins*, 19 F.3d 959, 966 (5th Cir.), *cert. denied*, 115 S.Ct. 432 (1994) (counsel not required to make frivolous objections).

## RECOMMENDATION

Defendant's motion to correct, vacate, or set aside sentence should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal

---

[3] Section 924(c)(1)(A) provides, in pertinent part:

> [A]ny person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--
>
> * * * *
>
> (ii)    if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years.

18 U.S.C. § 924(c)(1)(A)(ii).

conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 20, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE